WARWICK KNITTING MILLS, INC., Respondent, v. SYDNEY MOSES, Appellant.

First Department, July 2, 1920.

**Sales — defense that goods sold are not equal to sample — evidence raising question for jury.**

In an action to recover for the purchase price of goods sold, the defendant claimed that several pieces thereof, for which he refused to pay, were not equal to sample. Evidence examined, and *held*, that it was error to direct a verdict for the plaintiff because the testimony of the defendant as to

tests made to determine the quality of the goods raised a question for the jury, and that the defects in such testimony merely went to the credibility of the witness.

APPEAL by the defendant, Sydney Moses, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 27th day of June, 1920, upon the verdict of a jury rendered by direction of the court.

*Walter R. Hart* of counsel [*Hart & Applebaum,* attorneys], for the appellant.

*Nathan Friedman* of counsel [*Jacob M. Poss* with him on the brief], for the respondent.

DOWLING, J.:

This action is brought to recover the sum of $2,425.34, for goods sold and delivered. The answer sets up as a separate defense that the goods bought were to be of a similar quality and grade to a sample exhibited by plaintiff when the agreement of purchase was made; that when the goods were delivered defendant compared same with the sample and discovered that eight pieces thereof were not in accordance with the sample, but were of inferior grade and quality and of less value; that defendant immediately offered to return the eight pieces, but plaintiff refused to accept the same; that six pieces in the shipment were according to sample and were accepted and payment therefor tendered, which was refused.

Upon the trial, defendant, having the affirmative, was called as a witness in his own behalf. He testified that an agreement was made by him with plaintiff's representative Schoen, prior to April 30, 1919, for the purchase of twenty-five pieces of worsted tricolette cloth at three dollars and twenty-five cents per yard, which was confirmed in writing by plaintiff on April 30, 1919. Colors were to be specified as soon as possible. Schoen showed him, at the time the order was placed, a " swatch " or sample piece of the goods, which is described as being " one yard and a half long, of various colors." The order was based on this sample, then submitted. Schoen took the sample away with him but afterwards returned it to defendant, that he might have the desired colorings, and when

defendant specified them, he retained the sample and used it as the standard for his comparison with the goods delivered to him.  Three deliveries on account of this order were made by plaintiff to defendant, which were accepted and paid for.  No question was made as to their quality.  On July 14, 1919, fourteen pieces of goods were delivered in further fulfillment of the contract.  Defendant examined one piece of the goods and returned the entire lot.  Schoen called on defendant and asked him why he returned the merchandise, to which he replied that he had opened one piece of the goods and it did not look like the sample.  Schoen said: " Well, there may be four or five or six pieces there that are not exactly, but these goods are in New York.  Take these goods into your place and select what you want and return the balance to us, or I will send my truckman for it."  Defendant told Schoen to return the goods to him, which was done about July 25, 1919.  Defendant then examined the goods and retained six pieces of goods, which he used and manufactured into dresses.  No question arises as to their being according to sample.  The remaining eight pieces are the subject of dispute herein.  Defendant claims that these eight pieces were not in accordance with the sample; that they were not shrunk, and that they were inferior in weight.  He testified that he had examined and felt of the goods, weighed them on a scale and found substantial variation in weight from the sample and from the goods previously delivered, which complied therewith.  While his testimony under cross-examination and in reply to questions put by the court, may be criticised as inconsistent, vague and unsatisfactory in many details, yet the fact remains that he testified directly to a substantial difference in weight between the goods in question and those called for by the sample and it seems to me that the weight of his testimony was entirely for the jury.  The plaintiff offered no proof but moved to dismiss the defense.  The learned trial court was of the opinion that there was not sufficient evidence to warrant a submission to the jury, as the defect of weight had been demonstrated by touch or feeling, and there was no evidence that the scales used were correct or what the results of the actual weights were.  I believe that the learned court in considering the variances and contradiction in defendant's

testimony, failed to give sufficient force to the defendant's positive testimony, many times repeated, that the goods were lighter in weight than those called for by the sample, and that this shortage was ascertained not merely by the sense of touch but by actual weighing. The matter to which the trial court referred went to the question of the credence to be given to defendant's testimony, but did not render him unworthy of belief nor negative his testimony as a matter of law. There was a sufficient question of fact raised by defendant's testimony, as a whole, to require the submission of the case to the jury.

The judgment appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., LAUGHLIN, SMITH and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.